NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003317
16-OCT-2015
08:09 AM

NO. CAAP-13-0003317

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ADAM N. BLANCARTE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 12-10044)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, and Reifurth and Ginoza, JJ.)

Defendant-Appellant Adam N. Blancarte appeals from the Judgment Conviction and Sentence entered on August 14, 2013, in the Circuit Court of the Second Circuit ("Circuit Court").[1] Blancarte was convicted by a jury of four criminal offenses: (1) Burglary in the Second Degree, in violation of Hawaii Revised Statutes ("HRS") § 708-811 (1993); (2) Attempted Theft in the First Degree, in violation of HRS §§ 705-500(1)(b) & 708-830.5(1)(b) (1993 and Supp. 2011); (3) Criminal Property Damage in the Second Degree, in violation of HRS § 708-821(1)(b) (Supp. 2011); and (4) Theft in the Fourth Degree, in violation of HRS § 708-833(1) (1993). Blancarte challenges his conviction for Attempted Theft in the First Degree.

On appeal, Blancarte contends that there was not substantial evidence supporting the verdict at trial because he (1) lacked the requisite intent to deprive Maui Ammo and Gun Supply ("Maui Ammo") of a firearm; and (2) did not engage in conduct that would constitute a "substantial step" towards

---

[1] The Honorable Joseph E. Cardoza presided.

depriving Maui Ammo of a firearm.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance, the issues they raise, and the relevant statutory and case law, we resolve Blancarte's points of error as follows, and affirm:

(1) As to Blancarte's first argument, the Hawaiʻi Supreme Court has held that "'[s]ubstantial evidence' as to every essential element of the crime charged is credible evidence which is of sufficient quality and probative value to enable a man of reasonable caution to reach a conclusion." *State v. Naeole*, 62 Haw. 563, 565, 617 P.2d 820, 823 (1980) (citing *Shinn v. Yee, Ltd.*, 57 Haw. 215, 219, 533 P.2d 733, 737 (1976)). "It is an elementary principle of law that intent may be proved by circumstantial evidence; . . . and it may be shown by reasonable inference arising from the circumstances surrounding the act." *State v. Yabusaki*, 58 Haw. 404, 409, 570 P.2d 844, 847 (1977); *see also State v. Silva*, 67 Haw. 581, 587, 698 P.2d 293, 297 (1985) (citing *Yabusaki* in holding that "the state had marshalled sufficient evidence to have enabled the jury to conclude beyond a reasonable doubt that appellant was present at the scene of the crime with the conscious object of promoting or facilitating the commission of theft" (brackets omitted)).

Here, there is sufficient evidence from which the jury could infer that Blancarte was "casing" Maui Ammo on January 17 and 18, 2012, and intended to deprive it of firearms during a subsequent burglary. Furthermore, the testimony and photographs presented by the State showed that the door leading to the office area was damaged by someone trying to gain entry, that tools from Maui Ammo were used in the attempt to open the door, and that a key to the temporary safe was missing. Accordingly, the evidence adduced at trial in this case, including witness testimony and video footage, was sufficient to enable a person of reasonable caution to conclude that Blancarte had the requisite intent to commit Attempted Theft in the First Degree.

(2) Blancarte's second argument asserts that the Plaintiff-Appellee State of Hawaiʻi's position that Blancarte was

"casing" Maui Ammo amounted to "pure speculation," and that "conduct such as hanging out in your car, in a parking lot, in broad daylight, in the middle of the day, and inquiring about the sale of ammunition, firearms and work cannot be considered a substantial step." In the context of this case, however, and considered in conjunction with other evidence presented by the State, including the other three offenses for which he was convicted and video footage of Blancarte on the property in question on January 18 and 20, 2012, it can.

Blancarte argues that *State v. Valentine*, 93 Hawaiʻi 199, 998 P.2d 479 (2000) supports his position. *Valentine*, however, is inapposite. In *Valentine*, the defendant was convicted of Attempted Prohibited Possession of a Firearm under HRS §§ 705-500 and 134-7(b) after he got into an altercation with a police officer. *Id.* at 202, 998 P.2d at 482. While struggling with the defendant, the police officer felt a "tugging" on his firearm and gun belt and observed defendant's hand on the handle of the firearm. *Id.* However, the police officer's safety strap secured the firearm in its holster, and the police officer prevented the defendant from unsnapping the safety strap and removing it. *Id.* In addressing the propriety of jury instructions in that case, the Hawaiʻi Supreme Court noted that "pursuant to HRS § 705-500(3), conduct, such as reaching for a holstered firearm, 'shall not be considered a substantial step . . . unless it is strongly corroborative of the defendant's criminal intent[.]'" *Id.* at 206, 998 P.2d at 486. The Court also stated that "if ambiguity or uncertainty clouds the inference, sought to be derived from a particular act, that the defendant *intended* to possess or control the firearm, then the act cannot legally satisfy the substantial step requirement of criminal attempt." *Id.* at 206-07, 998 P.2d at 486-87. The Hawaiʻi Supreme Court did not assess the sufficiency of the evidence in *Valentine*, but instead remanded based on faulty jury instructions.

In contrast here, Blancarte was not charged with attempted possession of a firearm, but attempted theft in the first degree, which involves intent to deprive an owner of a

firearm. Haw. Rev. Stat. §§ 705-500(1)(b) & 708-830.5(1)(b). When sufficiency of the evidence is challenged on appeal, we must determine "whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *State v. Grace*, 107 Hawai'i 133, 139, 111 P.3d 28, 34 (App. 2005) (quoting *State v. Ferrer*, 95 Hawai'i 409, 422, 23 P.3d 744, 757 (App. 2001). The evidence in this case, when viewed in that light, establishes without significant ambiguity or uncertainty that the defendant intended to deprive Maui Ammo of a firearm. Indeed, there was evidence that Blancarte had disabled a burglar alarm, drilled a hole in the wall, and damaged the interior door of the gun shop when he tried to get into the area where the gun safes were located. Thus, Blancarte's actions satisfied the substantial step requirement of criminal attempt.

Therefore, the Judgment Conviction and Sentence filed in the Circuit Court of the Second Circuit on August 14, 2013, is affirmed.

DATED: Honolulu, Hawai'i, October 16, 2015.

On the briefs:

John R. Wilkinson
(Law Office of John R. Wilkinson)
for Defendant-Appellant.

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge